UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-                             17-cr-149 (LAK)

JORDAN ALVAREZ,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Before the Court is defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

        On March 21, 2019, the defendant was sentenced principally to a term of imprisonment of 121 months. On April 15, 2024, defendant moved for a reduction of sentence. On May 17, 2024, the Probation Office completed a Supplemental Presentence Report indicating that the defendant is not eligible for a sentence reduction under the terms of Amendment 821.

        The Court has considered the record in this case and the submissions of the parties and the Probation Office. The Court finds that the defendant is ineligible for a sentence reduction under Amendment 821 to the Sentencing Guidelines for two reasons. First, while the defendant is eligible for the status points recalculation under Amendment 821 because he received an enhancement for committing the instant offense while under a criminal justice sentence, he is precluded from a sentence reduction because the recalculation does not alter his Guidelines range. The defendant's original guidelines range was calculated at 135 to 168 months' imprisonment;

however, at sentencing, the Court adopted a lower guidelines range of 121 to 155 months, to which the parties had stipulated in their plea agreement, and sentenced the defendant to 121 months' imprisonment. With the status points recalculation under Amendment 821, the defendant's amended guidelines range is now calculated at 121 to 155 months' imprisonment — *i.e.*, no different than the Court's adopted guidelines range during sentencing. Because the defendant received the minimum sentence under the adopted and amended guidelines ranges and the Court cannot reduce a defendant's sentence under Amendment 821 "to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), the defendant is thus ineligible for any reduction to his sentence.

Second, even if the defendant were eligible to be considered for a sentence reduction under Amendment 821, any such reduction would be inappropriate in light of the seriousness of defendant's offense conduct and the need for appropriate deterrence, among other considerations.

Accordingly, it is hereby ORDERED that the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated:   May 21, 2024

_____
Lewis A. Kaplan
United States District Judge